UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMINE P. AMELIO; ALFONSO AMELIO;
AND PAUL AMELIO,

                    Plaintiffs,

            -against-

FISCHER & BURSTEIN, P.C.; HARRY H.
BURSTEIN; AND ADRIANA RODRIGUEZ,

                    Defendants.

20-CV-6277 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

        Plaintiffs, appearing *pro se*, invoke the Court's diversity jurisdiction under 28 U.S.C.

§ 1332. They assert that Defendants committed legal malpractice in divorce proceedings in the

New York County Supreme Court. By order dated February 23, 2021, the Court granted

Plaintiffs' requests to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The

Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiffs Carmine Amelio (Carmine), Alfonso Amelio (Alfonso), and Paul Amelio (Paul) – three brothers – bring this action against Fischer & Burstein, P.C. (FBPC), Harry H. Burstein, and Adriana Rodriguez. Plaintiffs invoke the Court's diversity jurisdiction and assert legal malpractice claims arising from Alfonso's divorce action in the New York County Supreme Court.

The following facts are taken from the complaint: on or about March 16, 2016, Alfonso signed a retainer agreement to be represented by Burstein and FBPC – Burstein's law firm – in a divorce matter. Alfonso hired Defendants with the understanding that his brother, Carmine, was authorized and had permission to appear as Alfonso's "Next Friend/PPP." (ECF No. 2, ¶ 15.) Alfonso had also authorized Defendants to fully discuss his case with Carmine, and Defendants were fully aware that Carmine handled all of Alfonso's financial matters and property, and that Carmine was "fully knowledgeable and a witness to the events leading up to the filing of [Alfonso's] divorce." (*Id*. ¶ 15.)

On or about March 28, 2016, Burstein informed Carmine that he was not available the next day for a hearing in the state-court action, and that FBPC's new employee, Adriana Rodriguez, would appear in place of Burstein. Rodriguez did not have full knowledge Alfonso's divorce case and failed to present meritorious arguments at the hearing, resulting in an adverse ruling and the issuance of a "Pendente Lite Order" against Alfonso. (Id. ¶ 23.)

Further, on May 19, 2016, the presiding judge in the divorce matter authorized Carmine to appear telephonically from Italy for a conference to be held on August 9, 2016. Both Alfonso and Carmine requested from Defendants, in advance, the phone number and procedure for a telephonic conference, but in what had become Defendants' "standard of non-communication" with Plaintiffs, Defendants never responded. (*Id*. ¶ 13.) On the day of the hearing, Burstein

advised Alfonso and Carmine that Carmine would not be allowed to appear telephonically, "which was a total, last minute ambush and absurd statement and indicates Mr. Burstein's lack of preparation and knowledge of [Alphonso's] case or possible ex-parte communications from the Judge, which Mr. Burstein failed to disclose." (*Id*.) Burstein also stated that Carmine was not the client and that he was therefore not allowed to talk to Defendants.

Burstein and Rodriguez also "had preconceived ideas" about the divorce action and failed to "aggressively prosecut[e]" the case. (*Id*. ¶ 16.) Their failure to act put Alfonso's case "in a continuous 'defensive' and negative position." (*Id*.) Defendants' acts or omissions allowed Alfonso's wife's "misrepresentations" in the divorce proceedings to "taint the court's view of his character," and put Alfonso into the impossible situation of having to pay his wife's attorney fees, which led to his being found in contempt of court and having to borrow the funds to pay. (*Id*.) Defendants' misrepresentation of Alfonso in the divorce action resulted in irreparable harm to Alfonso and his two brothers, Carmine and Paul.

Plaintiffs assert that Defendants breached their fiduciary duty and were negligent by:

1) failing to inform [P]laintiffs that new employed Ms. Rodriguez, with one (1) day notice, would appear in place of Mr. Burstein in behalf of A. Amelio for his scheduled hearing on March 29, 2016; 2) A. Rodriguez did not have full knowledge of A. Amelio's case and furthermore failed to state and properly address A. Amelio's merits and arguments to the court; 3) said misrepresentation resulted in an adverse and unlawful Pendente Lite Order that created an impossibility for A. Amelio; 4) failed to file an immediate Appeal of the Pendente Lite Order; 5) such order resulted in subsequent warrant for the incarceration of A. Amelio, as punishment void allegations of child support arrears []; 6) the unlawful stripping by the court of A. Amelio's physical & legal custody of [O. and S.] and unlawful order denying visitation as punishment for the same; [and] 7) [m]onetary damages and loss to the Amelios that was paid to[D]efendants and losses unlawfully and unjustly granted by the [c]ourt to A. Amelio's wife in his divorce matter.

(*Id*. at ¶ 23.) Plaintiffs seek monetary compensation.

## DISCUSSION

### A.    Subject-Matter Jurisdiction

The subject-matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua*

*sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

initiative . . . .").

### 1.    Diversity Jurisdiction

Plaintiffs invoke the Court's diversity jurisdiction but do not allege facts demonstrating

that the Court has diversity jurisdiction over this action. To establish diversity jurisdiction under

28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of

different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within

the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among

the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the

same State."). An individual is a citizen of the State where she is domiciled, which is defined as

the place where a person "has [her] true fixed home . . . . and to which, whenever [s]he is absent,

[s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). And "a limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

The Court lacks diversity jurisdiction to consider this action. The information Plaintiffs provide does not demonstrate that they and Defendants are citizens of different states and that complete diversity exists. Plaintiffs do not allege the state citizenship of Carmine and Paul Amelio, but they do assert that Alfonso Amelio is a resident of New York and Connecticut. (ECF No. 2, ¶ 4.) They also assert that Defendants FBPC, Burstein, and Rodriguez are all citizens of New York. (*Id.* ¶¶ 1-3.)

As Alfonso Amelio and Defendants are all citizens of New York, complete diversity of citizenship does not exist.

### 2.    Federal-Question Jurisdiction

Although Plaintiffs do not invoke the Court's federal-question jurisdiction, the Court also considers whether they alleges facts sufficient to do so. Federal-question jurisdiction is available when a plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal-question jurisdiction, without any facts demonstrating a federal law claim, does not create subject-matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiffs do not allege facts suggesting that any of their claims arise under federal laws. The Court therefore lacks federal-question jurisdiction to consider Plaintiffs' claims.

Because Plaintiffs do not allege a claim under federal law and they fail to show that complete diversity of citizenship exists between them and Defendants, the Court dismisses this action for lack of subject-matter jurisdiction.[1] *See* Fed. R. Civ. P. 12(h)(3).

**B.      Leave To Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

---

[1] Even if the Court had jurisdiction over the malpractice claims, there does not appear to be any basis for Carmine and Paul Amelio to assert such claims against Defendants. To state a claim for legal malpractice under New York law, a plaintiff must allege 1) an attorney-client relationship, and 2) attorney negligence 3) that is the proximate cause of 4) actual damages. *Rubens v. Mason*, 527 F.3d 252, 254 (2d Cir. 2008); *Kirk v. Heppt*, 532 F. Supp. 2d 586, 591-92 (S.D.N.Y. 2008); *Pellegrino v. File*, 291 A.D.2d 60, 63 (1st Dep't 2002).

Plaintiffs allege that Alfonso Amelio retained Defendants to represent him in his divorce proceedings. Because Carmine and Paul did not have an attorney-client relationship with Defendants, they cannot assert legal malpractice claims against them. As Alfonso was the client, Defendants only had an obligation to Alfonso.

Further, it appears that the complaint is untimely. The statute of limitations for legal malpractice under New York law is three years from the date of the alleged malpractice, N.Y. Civ. Prac. L. & R. § 214(3); *Duran v. Moody*, No, 11-CV-6155 (LTS) (JLC), 2012 WL 2878088, at *3 (S.D.N.Y. July 12, 2012). Such a claim accrues when the plaintiff suffers an injury that entitles him to relief. *Ackerman v. Price Waterhouse*, 84 N.Y.2d 535, 541 (1994). Plaintiffs asserts that the alleged malpractice occurred in March to August 2016, and they filed this action on August 10, 2020, almost four years later.

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiffs' complaint cannot be cured with an amendment, the Court declines to grant Plaintiffs leave to file an amended complaint.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiffs and note service on the docket.

The Court dismisses this action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). All other pending matters in this action are terminated

SO ORDERED.

Dated:   March 1, 2021
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.